WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Matrix New World Engineering, Land Surveying and Landscape Architecture PC, | No. CV-17-03326-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Empire Pump Corporation, et al., | |
| Defendants. | |

This Court cannot remand a case sua sponte for a non-jurisdictional defect in procedure. *Kelton Arms Condominium Owners, Ass'n, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003). However, Plaintiff may timely move to remand for issues such as not all defendants joining a notice of removal (*see Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981)) or a resident Defendant attempting to remove (*see* 28 U.S.C. § 1441(b)(2)).

Unlike with procedural defects in removal, the Court must independently examine its subject matter jurisdiction. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("inquiring whether the court has jurisdiction is a federal judge's first duty in every case"). In this case, the notice of removal fails to plead sufficient facts to establish federal subject matter jurisdiction. *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010) (discussing the citizenship of a corporation).

Accordingly,

**IT IS ORDERED** that by Monday, October 2, 2017, the removing Defendant shall supplement its notice of removal to include the state of incorporation and principal place of business for each corporation (including how the principal place of business was determined) and the citizenship of each member of the limited liability company or this case will be remanded to superior court.

Dated this 28th day of September, 2017.

James A. Teilborg
Senior United States District Judge